# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY DENNIS,**
**Claimant Below, Petitioner**

**vs.)   Nos. 13-0540 & 13-0955** (BOR Appeal Nos. 2047810 & 2048286)
(Claim No. 2007212843)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry Dennis, by M. Jane Glauser, his attorney, appeals two decisions of the West Virginia Workers' Compensation Board of Review.[1] McElroy Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from two Final Orders of the Board of Review. In the August 27, 2013, decision, the Board affirmed a March 18, 2013, Order of the Workers' Compensation Office of Judges, which denied Mr. Dennis's request for attorney's fees and costs incurred in obtaining a reversal of the claims administrator's March 6, 2012, decision denying left occipital nerve injections. In its May 1, 2013, decision, the Board reversed an October 22, 2012, Order of the Office of Judges which granted Mr. Dennis's request for attorney's fees and costs incurred in seeking a reversal of the claims administrator's June 15, 2011, and May 20, 2011, decisions denying authorization for left shoulder arthroscopy and subacromial decompression surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision in Appeal No. 13-0540 is based on a material mischaracterization of particular components of the evidentiary record. Appeal No. 13-0540 satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. In

---

[1] Mr. Dennis requested that this Court consolidate Appeal Nos. 13-0540 and 13-0955. Upon consideration, this Court granted his motion on September 18, 2013.

1

Appeal No. 13-0955, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dennis worked as an underground miner for McElroy Coal Company. On October 13, 2006, Mr. Dennis suffered injuries to his head, neck, shoulders, and upper back when an underground canopy fell on him. The claims administrator held his claim compensable for various conditions including a dislocation of the acromioclavicular joint of the shoulder, a rotator cuff sprain, and a neck sprain. Several surgeries were authorized to treat Mr. Dennis's compensable injury, including a left shoulder arthroscopy and a cervical laminectomy. Following these procedures, Mr. Dennis continued to experience pain in his left shoulder and neck, and an MRI of his left shoulder revealed mild degenerative changes. Mr. Dennis then came under the care of Michael E. Shramowiat, M.D., who initially recommended conservative treatment for his left shoulder and neck problems. Dr. Shramowiat also referred Mr. Dennis to John S. Henry, M.D., an orthopedic surgeon. Dr. Henry examined Mr. Dennis and requested authorization for a left shoulder arthroscopy and subacromial decompression. On May 19, 2011, the claims administrator denied the request because it was not made by Dr. Shramowiat, Mr. Dennis's treating physician. On May 20, 2011, the claims administrator denied a request for the same procedure made by Dr. Shramowiat asserting that Mr. Dennis's ongoing shoulder problems were degenerative in nature and pointing out that an arthroscopic surgery had already been performed on his shoulder. Dr. Henry then submitted a letter stating that the surgery was requested to repair Mr. Dennis's compensable rotator cuff tear. On June 15, 2011, the claims administrator again denied a request for authorization of the arthroscopic surgery based on the same reasoning as its prior denial. The Office of Judges reversed all three claims administrator decisions and authorized the requested surgery. Dr. Shramowiat then requested authorization for occipital nerve injections. In his request, Dr. Shramowiat stated that Mr. Dennis had ongoing neck pain which caused frequent headaches. However, he noted that Mr. Dennis had already received occipital nerve blocks and did not feel any relief from this treatment. On March 6, 2012, the claims administrator denied authorization for the occipital nerve injections because there was no medical documentation justifying the request. Dr. Shramowiat then submitted a medical statement which directly related the requested occipital nerve injections to Mr. Dennis's compensable neck sprain. The Office of Judges reversed the claims administrator's March 6, 2012, decision and authorized the requested injections.

Mr. Dennis then submitted a petition to the Office of Judges requesting attorney's fees and cost incurred in obtaining a reversal of the claims administrator's May 19, 2011, May 20, 2011, June 15, 2011, and March 6, 2012, decisions. In an October 22, 2012, Order, the Office of Judges granted Mr. Dennis's request for attorney's fees related to the claims administrator's May 20, 2011, and June 15, 2011, decisions. The Office of Judges rejected Mr. Dennis request for attorney's fees related to the claims administrator's May 19, 2011, decision. In a March 18, 2013, Order, the Office of Judges also rejected Mr. Dennis's request for attorney's fees in relation to the claims administrator's March 6, 2012, decision. The Board of Review reversed the Office of Judges' October 22, 2012, Order on May 1, 2013, and denied Mr. Dennis request for attorney's fees in relation to the claims administrator's May 20, 2011, and June 15, 2011, decisions. The Board of Review then affirmed the Office of Judges' March 18, 2013, Order on

2

August 27, 2013. Mr. Dennis appealed the Board of Review's May 1, 2013, decision in Appeal No. 13-0540 and its August 27, 2013, decision in Appeal No. 13-0955. Mr. Dennis requests attorney's fees and costs incurred in obtaining a reversal of the claims administrator's May 20, 2011, June 15, 2011, and March 6, 2012, decisions.

In regard to Appeal No. 13-0540, the Office of Judges concluded that the claims administrator's rationale for denying authorization for the left shoulder arthroscopic surgery on May 20, 2011, and June 15, 2011, was unreasonable and entitled Mr. Dennis to recovery of attorney's fees incurred in seeking a reversal of those decisions under West Virginia Code § 23-2C-21(c) (2009). The Office of Judges determined that the claims administrator did not provide any factual basis or legal authority supporting either denial. The Office of Judges found that the claims administrator's assertion that Mr. Dennis's ongoing shoulder problems were related to a degenerative condition was not reasonable because it was not supported by any evidence in the record. The Office of Judges also found that the claims administrator's observation that Mr. Dennis had a prior arthroscopic surgery did not reasonably justify denying authorization for the requested surgery because Mr. Dennis's claim was still open for medical benefits. The Office of Judges found that the claims administrator possessed adequate medical evidence to support authorizing the requested surgery. The Office of Judges also concluded that the claims administrator's rationale for denying the arthroscopic surgery on May 19, 2011, was reasonable and did not entitle Mr. Dennis to attorney's fees. The Office of Judges determined that the request was made by Dr. Henry, instead of Dr. Shramowiat, Mr. Dennis's treating physician, and therefore, did not comply with West Virginia Code of State Rules § 85-20-6 (2006), which placed the responsibility for Mr. Dennis's ongoing care on his treating physician.

In its May 1, 2013, decision, the Board of Review reversed the Office of Judges' Order. It concluded that the claims administrator's May 20, 2011, and June 15, 2011, decisions were not unreasonable and did not entitle Mr. Dennis to attorney's fees. The Board of Review found that at the time of both denials the claims administrator had evidence that Mr. Dennis suffered from degenerative conditions in the left shoulder which was not related to his work injury.

The Board of Review's May 1, 2013, decision was based on a material mischaracterization of the evidentiary record. Mr. Dennis has demonstrated that he is entitled to attorney's fees and costs incurred in obtaining a reversal of the claims administrator's May 20, 2011, and June 15, 2011, decisions. Both claims administrator decisions were unreasonable under West Virginia Code § 23-2C-21(c). The claims administrator denied Mr. Dennis's request for left shoulder arthroscopic surgery without any legal or factual basis. West Virginia Code of State Rules § 93-1-19.4 (2008). The evidence in the record at the time of the May 20, 2011, and June 15, 2011, denials demonstrated that Mr. Dennis continued to have left shoulder problems related to the compensable injury. The claims administrator's assertion that the shoulder arthroscopy related to a degenerative condition was not supported by any medical evidence and was not sufficient to justify denying the requested surgery.

In regard to Appeal No. 13-0955, the Office of Judges concluded that the claims administrator had a reasonable factual basis for initially denying Mr. Dennis's request for occipital nerve injections and therefore, Mr. Dennis was not entitled to attorney's fees incurred in

3

overturning the claims administrator's March 6, 2013, decision. The Office of Judges determined that, at the time of the denial, Dr. Shramowiat had not submitted sufficient medical evidence to demonstrate the medical relation and reasonable necessity of the requested injections. The Office of Judges found that, in the authorization request, Dr. Shramowiat exhibited some doubt about whether an additional occipital nerve injection would relieve Mr. Dennis's pain. It also found that the request did not directly relate the injections to a compensable condition of the claim. In its August 27, 2013, decision, the Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review's August 27, 2013, decision and the findings of the Office of Judges' March 18, 2013, Order. Mr. Dennis has not demonstrated that he is entitled to attorney's fees incurred in obtaining a reversal of the claims administrator's March 6, 2012, decision. The evidence in the record at the time of the claims administrator's decision supported denying Mr. Dennis's request for occipital nerve injections and shows that the claims administrator was not unreasonable under West Virginia Code § 23-2C-21(c). The treatment request from Dr. Shramowiat did not sufficiently relate the requested injections to the compensable injury. Dr. Shramowiat also showed some doubt as to whether additional occipital nerve injections would alleviate Mr. Dennis's pain. Dr. Shramowiat submitted additional evidence after the claims administrator's March 6, 2012, denial which corrected the deficiencies in his initial request and provided a sufficient basis for the Office of Judges to authorize the requested injections. Nevertheless, the claims administrator was not unreasonable to deny the request based on the evidence available to it at the time.

For the foregoing reasons, we find that the May 1, 2013, decision of the Board of Review in Appeal No. 13-0540 is based on a material mischaracterization of particular components of the evidentiary record. We find that the August 27, 2013, decision of the Board of Review in Appeal No. 13-0955 is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the May 1, 2013, decision of the Board of Review is reversed and remanded with instructions to reinstate the October 22, 2012, Order of the Office of Judges, which granted Mr. Dennis attorney's fees relating to the claims administrator's May 20, 2011, and June 15, 2011, decisions. The August 27, 2013, decision of the Board of Review is affirmed.

Appeal No. 13-0540 is Reversed and Remanded.<br>
Appeal No. 13-0955 is Affirmed.

**ISSUED:   August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4